### In re TOWN OF EAST HAMPTON.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

LAYING OUT HIGHWAY.
   In laying out a public highway, it is not justifiable to take from private owners any more property than is absolutely requisite to accomplish the appropriate purpose of the undertaking.

In the matter of the laying out a highway in the town of East Hampton, beginning at the southerly end of Lily Pond Lane Highway, and extending to Georgica Gut. Motion to confirm order of the county court. Denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Walter H. Jaycox, for the motion.
Timothy M. Griffing, opposed.

WILLARD BARTLETT, J. The propriety of confirming the order appealed from in this proceeding depends upon the proof before the commissioners and the county court as to the necessity of the proposed highway. I have gone over the testimony very carefully, with the assistance of the penciled diagram which appears among the papers, and a larger map of the town of East Hampton, and I do not think that the evidence shows the proposed highway to be really necessary or practically of much advantage to the public. If the proposed extension had terminated at some convenient point on Georgica Pond before reaching the land of R. Heber Newton, its construction might be justified on the ground that it would afford the public more convenient access than now exists to that part of the pond, for purposes of fishing, eeling, crabbing, and sailing. This is on the assumption that the pond belongs to the town of East Hampton, and that by virtue of its ownership the public have a right to use it for the purposes mentioned. The proposed road runs along Georgica Pond for nearly a mile, and it was proved before the commissioners, without contradiction, that any point upon this mile affords as good access to the pond as would be afforded by the 820 feet of the Newton property which form the western extremity. It would manifestly be unjust, therefore, to take these 820 feet from the owner on the ground that the acquisition was necessary to enable the public to get onto Georgica Pond from the south side.

The only other argument in favor of running the extension through the Newton property is based upon the assertion that it would afford a shorter route than now exists between the village of East Hampton and Wainscot. The evidence in the proceeding, however, does not sustain this position. The proposed highway terminates on the shore of the southern extremity of Georgica Pond, at

a place called "Georgica Gut." This is the point at which the waters of the pond most nearly approach those of the ocean. Occasionally the intervening sand dunes are broken down by the waves, and the waters of the pond and ocean intermingle. Where such conditions prevail, it is difficult to see how a permanent highway could ever be constructed over that portion of the beach where the opening thus occurs from time to time; nor does any such highway appear now to be projected. Furthermore, on the Wainscot side the nearest public road is shown to be half a mile distant from the end of the proposed highway to which this proceeding relates. In other words, this highway will end in a cul de sac at Georgica Gut, and will not furnish a way of getting from East Hampton to Wainscot unless half a mile more of road on the west side of the gut shall hereafter be laid out and constructed. There is also clear proof that, even if such a road existed, the distance which people would have to travel over it to get from East Hampton to Wainscot would be considerably greater than they have to travel by the highway now in use. If Georgica Pond is a body of water which the public have a right to use for eeling, crabbing, fishing, and boating, I have little doubt of the expediency of extending existing highways sufficiently to afford access to the water on the southern side; but, with this object in view, it is not right to take away from the owners any more property than is absolutely requisite to accomplish the desired end.

For these reasons, I think we should refuse to confirm the order of the county court. All concur.